# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR No. 11-254 |
| | ) CV No. 14-211 |
| BALAZS TARNAI | |

## MEMORANDUM ORDER

In this matter, before Judge Cercone, Defendant pleaded guilty to one Count of producing material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2251; the remainder of a seven-count superseding indictment was dismissed pursuant to the plea agreement, although Defendant acknowledged responsibility for the conduct charged therein. On January 23, 2013, Defendant was sentenced to a term of 180 months of imprisonment.

Defendant filed a Section 2255 Motion on February 12, 2014, alleging that that he and his friend both advised counsel to accept an earlier plea agreement, the terms of which were more favorable than the plea eventually accepted. The Government responded on February 14, 2014, by filing a Motion to Dismiss Defendant's Motion on grounds of a collateral attack waiver in the plea agreement. In its Reply to Defendant's Response to the Motion to Dismiss, filed on April 28, 2014, the Government responded to Defendant's factual allegations. In connection with that Reply, the Government furnished the transcript of Defendant's plea and sentence hearing, as well as Defendant's plea agreement and other documents relating to plea negotiations. On November 16, 2015, Defendant filed a Notice, which stated that the length of time passed during the pendency of his Section 2255 petition violated his due process rights. On February 23, 2016, for reasons of caseload management internal to the Court, the matter was transferred from Judge Cercone to me.

1

Immediately after the case was transferred, I reviewed Defendant's allegations and scheduled an evidentiary hearing. The evidentiary hearing was intended to address Defendant's supported factual contentions; its prompt scheduling was intended to address Defendant's concerns. Moreover, as the Government represented to the Court that it intended no further briefing, it appeared that no further briefing was required. Subsequently, Defendant moved to continue the evidentiary hearing and to have the matter returned to Judge Cercone, or reassigned to a different Judge through the Court's random assignment procedure. In response, I cancelled the evidentiary hearing until further Order of Court, and directed the Government to respond to the motion to continue and for reassignment.

Defendant's motion rests, in part, on Rule 4 of the Rules Governing § 2255 Proceedings, which reads, in pertinent part, as follows:

> The clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence or, if the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged. If the appropriate judge is not available, the clerk must forward the motion to a judge under the court's assignment procedure.

According to the Advisory Committee Notes to Rule 4, this provision reflects administrative considerations: "Because the trial judge is thoroughly familiar with the case, there is obvious administrative advantage in giving him the first opportunity to decide whether there are grounds for granting the motion." Accordingly, the purpose underlying Rule 4 of the Rules Governing Section 2255 Cases is to promote interests of judicial economy and efficiency. United States v. Bendolph, 409 F.3d 155, 163 n. 12 (3d Cir. 2005. As another Court has observed, it is clear that Congress intended that the Judge conducting the challenged proceedings should conduct, at least, the preliminary review of the Section 2255 Motion. Spengler v. United States, 2011 U.S. Dist. LEXIS 67703, at *4 (E.D. Wis. June 23, 2011). Moreover, generally

speaking, courts have the discretion to manage their caseloads, including reassignment; in most scenarios, a litigant does not have the right to proceed before a particular judge. Cf., e.g., In re Marshall, 721 F. 3d 1032 (2013).

Here, I note that Defendant proffers no substantive objection to the reassignment. I note, too, that his Motion was in fact placed before Judge Cercone, in accordance with Rule 4, for preliminary review. With the advent of electronic filing, every Judge on this Court has full and complete access to the pertinent documents and transcripts; a transferee Judge need not request, await, and sort through paper files. In addition, Defendant's Motion rests on allegations regarding factual matters external to the Court proceeding, and the parties' plea negotiations; there is no suggestion that Judge Cercone would have relevant or superior extra-record knowledge that would hasten resolution in this case. Likewise, Defendant does not allege any harm that could arise if I, rather than Judge Cercone, adjudicate his Motion. There is no suggestion that the reassignment was the result of bias, prejudice, or the desire to influence the outcome of the proceedings. In other words, there is absolutely no administrative or substantive advantage to again transferring the case, and Defendant does not contend otherwise. Indeed, given his previously expressed concerns regarding delay and "procedural irregularities," Defendant's current requests are puzzling.

Moreover, I reject Defendant's arguments that he is entitled to random assignment of his case pursuant to Local Rule 40.C, and that the reassignment violated Local Rule 40.G.2, which precludes the reassignment of civil cases that have been pending for over two years. Case assignment rules such as these exist for internal management purposes, and to further "judicial economy, order, and convenience, rather than to control a judge's authority to hear a case." Cf., e.g., Vreeland v. Schwartz, 613 Fed. Appx. 679 (10th Cir. 2015). Rejecting a challenge to

3

internal case assignment procedures in a different context, our Court of Appeals noted, "litigants do not have a right to have their case heard by a particular judge, have no right to a particular judge-selection procedure, and do not have a right to a randomly selected judge." In re Brown, 577 Fed. Appx. 89, 90 (3d Cir. 2014). Moreover, a Section 2255 proceeding is a "hybrid," as it is a continuation of a criminal case as well as a civil proceeding; local rules relating solely to civil actions are not necessarily applicable. Cf. United States v. Thomas, 713 F.3d 165, 173 (3d Cir. 2013).

Under all of the circumstances, the interests of both justice and sound judicial administration point to avoiding further reassignment of this matter. Although recusal presents a different question, the following principle is instructive here: "there is as much obligation upon a judge not to recuse herself when there is no occasion to do so as there is for her to recuse when there is." Svindland v. Nemours Found., 2009 U.S. Dist. LEXIS 74944, at *7 (E.D. Pa. Aug. 21, 2009). Of course, Defendant may move for reconsideration of this decision, should he, for example, have reasons for seeking reassignment that were not heretofore presented. At this juncture, however, transfer of this matter from my docket to that of another Judge of this Court is not justified. The Motion for Reassignment is denied.

I will, therefore, address Defendant's Motion to Continue, which is granted. The previously cancelled evidentiary hearing is now scheduled to take place on July 21, 2016, at 10:15 AM, which affords Defendant the time requested for preparation and investigation.[1] All further submissions shall be filed at the criminal docket, No. CR 11-254.

---

[1] To the extent that Defendant points to "procedural irregularities" in the proceedings to date, each of those irregularities have been cured or otherwise addressed. In that regard, I note that the signed plea agreement and transcript of plea proceedings are attached as exhibits to the Government's Reply filed at Docket no. 111. Moreover, the fact that the Court did not issue certain orders pursuant to Rule 5 of the Rules Governing 2255 Motions is of no moment, as the Government both responded to Defendant's Motion and supplied pertinent documents.

AND NOW, this 24th day of March, 2016, IT IS SO ORDERED.

                                BY THE COURT:

                                /s/Donetta W. Ambrose

                                _____

                                Donetta W. Ambrose

                                Senior Judge, U.S. District Court